## Matlock v. Philadelphia & Reading Coal and Iron Company.

*Workmen's compensation—Evidence—Referee—Act of June 26, 1919.*

1. The word "may" in section 423 of the Act of June 26, 1919, P. L. 642, is directory and not mandatory.

2. The legislative purpose of the act was to enable the Workmen's Compensation Board to resort to the testimony taken before the referee in the absence of an agreement between the parties, but it did not make it compulsory for the board to do so.

Appeal from decision of Workmen's Compensation Board. C. P. Schuylkill Co., May T., 1925, No. 304.

*R. J. Dever*, for plaintiff; *John F. Whalen*, for defendant.

BECHTEL, P. J., July 27, 1925.—In this case the referee allowed compensation and the compensation board reversed the referee, entering judgment for the defendant without granting a hearing *de novo*. This is the burden of the plaintiff's complaint.

There is no question in our minds that the judgment of the compensation board was correct, as the evidence failed to make out plaintiff's case. This same question has been considered by this court recently in the case of Angello v. Philadelphia & Reading Coal and Iron Co., 17 Schuyl. Legal Rec. 18, wherein, after considering section 423 of the Act of June 26, 1919, P. L. 642, our Brother Berger says: "We are of the opinion that 'may,' in the section above quoted, is used in a directory, as distinguished from a mandatory sense, and that the legislative purpose was to enable the board to resort to the testimony taken before the referee in the absence of an agreement between the parties, but it did not make it compulsory for it to do so."

The writer of this opinion, speaking for this court in Pursel v. Philadelphia & Reading Coal and Iron Co., 21 Schuyl. Legal Rec. 118, considered this question at length and decided it contrary to plaintiff's contention herein.

The opinion of the compensation board shows that the evidence taken before the referee was considered by it. We see no reason to reverse the conclusion that we have heretofore reached in the cases cited, and for the reasons contained in those opinions and in the light of the authorities therein cited, we are of opinion that the compensation board in this case was within its rights.

And now, July 27, 1925, the judgment of the compensation board heretofore entered in this case is hereby affirmed.

From M. M. Burke, Shenandoah, Pa.